**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **FARE TECHNOLOGIES LLC,**  )<br>    **Plaintiff,**  )<br>  )<br>**v.**  )<br>  )<br>**UBER TECHNOLOGIES, INC.**  )<br>**d/b/a UBER,**  )<br>    **Defendant.**  )<br>  )<br>  ) | **Civil Action No. 6:22-cv-00317-ADA**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Fare Technologies LLC ("Fare") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of a re-issue patent US RE46,727 ("the '727 patent") (referred to as the "Patent-in-Suit") by Uber Technologies, Inc. d/b/a Uber ("Defendant" or "Uber").

**I.    THE PARTIES**

1.   Fare Technologies LLC is a Texas limited liability corporation with its principal place of business located in Austin, Texas.

2.   On information and belief, Uber Technologies, Inc. d/b/a Uber is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1455 Market Street, Suite 400, San Francisco, California 94103, with a regular and established place of business at Uber Insurance Services located at 201 E. Third Street, Austin, Texas 78701. Uber is registered to conduct business in Texas.

3. Uber Technologies, Inc. d/b/a Uber can be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, at its place of business, or anywhere ese it may be found.

4. Defendant has a regular and established place of business located at Uber Insurance Services located at 201 E. Third Street, Austin, Texas 78701. On information and belief, Defendant has sold and offered to sell products and services throughout Texas, including in this judicial district, and introduced products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II.     JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or

deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III.   INFRINGEMENT

**A. Infringement of the '727 Patent**

8. On February 20, 2018, a re-issue patent U.S. Patent No. RE46,727 ("the '727 patent", included as an attachment) entitled "Taxi Trip Meter System With Indication Of Fare And Distance Violations" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '727 patent by assignment.

9. The '727 patent relates to novel and improved systems and methods for supporting taxi trip metering.

10. Defendants maintained, operateed, and administered products and services that facilitate taxi trip metering that infringed one or more of claims 1-41 of the '727 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '727 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

11. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A.  These allegations of infringement are preliminary and are therefore subject to change.[1]

---

[1] Plaintiff reserves the right to amend to assert claims for indirect and willful infringement if discovery reveals an earlier date of Defendants' knowledge of the patents.

12. Defendant has caused Plaintiff damage by direct infringement of the claims of the '727 patent.

### IV. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '727 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d. award Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 25, 2022                    Respectfully submitted,

**Ramey LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

4

***Attorneys for Fare Technologies LLC***