# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FARE TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:22-cv-00317-ADA |
| | ) |
| v. | ) |
| | ) |
| UBER TECHNOLOGIES, INC. d/b/a UBER, | ) |
| | ) |
| Defendant. | ) |

## UBER'S MOTION TO DISMISS FOR IMPROPER VENUE

# Table of Contents

I. Introduction ..................................................................................................................... 1

II. Factual Background ......................................................................................................... 1

    A. Uber Is Based In the Northern District of California. ............................................. 1

    B. Fare Technologies' Alleged Basis for Venue Was Demolished Long Ago. .................. 1

III. Argument .......................................................................................................................... 4

    A. Uber Does Not Reside In This District. ................................................................... 4

    B. Uber Does Not Have A Regular and Established Place of Business In This
       District. ................................................................................................................... 4

        1. Fare Technologies' Alleged Basis for Venue Fails. ............................................. 5

        2. Uber Has No Other Regular and Established Place of Business In This
           District. ............................................................................................................. 5

    C. The Court Should Dismiss Without Leave to Amend. ............................................. 6

        1. Dismissal Without Leave to Amend Is Appropriate Because Fare
           Technologies Cannot Cure Its Venue Defect. .................................................. 6

        2. The Interest of Justice Favors Dismissal, Not Transfer. .................................... 6

IV. Conclusion ........................................................................................................................ 7

# Table of Authorities

**Page(s)**

**Cases**

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
 6 F.4th 1283 (Fed. Cir. 2021) ...................................................................................................2

*Castaneda v. Bradzoil, Inc.*,
 2021 WL 1390423 (W.D. Tex. Apr. 13, 2021)..........................................................................6

*Correct Transmission LLC v. ADTRAN, Inc.*,
 2021 WL 1967985 (W.D. Tex. May 17, 2021) .........................................................................5

*In re Cray Inc.*,
 871 F.3d 1355 (Fed. Cir. 2017)...............................................................................................5, 6

*Germanson v. Midland Mortgage*,
 2022 WL 1157903 (W.D. Tex. April 19, 2022) ........................................................................6

*Goldlawr, Inc. v. Heiman*,
 369 U.S. 463 (1962)...................................................................................................................7

*Graham v. DynCorp Int'l, Inc.*,
 973 F. Supp. 2d 698 (S.D. Tex. 2013) .......................................................................................6

*GreatGigz Solutions, LLC v. Maplebear Inc.*,
 2021 WL 4691145 (W.D. Tex. Oct. 6, 2021) ............................................................................6

*GreatGigz Solutions, LLC v. ZipRecruiter, Inc.*,
 2022 WL 432558 (W.D. Tex. Feb. 11, 2022)............................................................................5

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
 541 U.S. 567 (2004)...................................................................................................................5

*KOSS Corp. v. Bose Corp.*,
 2021 WL 7541417 (W.D. Tex. June 22, 2021) .........................................................................4

*KOSS Corp. v. Skullcandy, Inc.*,
 2021 WL 1226557 (W.D. Tex. Mar. 31, 2021) .........................................................................5

*Phillips v. Warcomp, Inc.*,
 2010 WL 11646590 (S.D. Tex. May 25, 2010).........................................................................7

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
 137 S. Ct. 1514 (2017)...............................................................................................................4

*TMT Sys., Inc. v. Medtronic, Inc.*,
    2021 WL 5316411 (W.D. Tex. Oct. 19, 2021) ............................................................................4

*In re ZTE (USA), Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) ................................................................................................4

**Statutes**

28 U.S.C. § 1400 ...............................................................................................................................4

28 U.S.C. § 1406 ...............................................................................................................................6

I.      **Introduction**

Defendant Uber Technologies, Inc. ("Uber") had no regular and established place of business in this District when this suit was filed. It continues to have no such place of business in this District. Plaintiff ("Fare Technologies"), nonetheless, alleges that venue over Uber is proper solely because Uber purportedly "has a regular and established place of business located at Uber Insurance Services located at 201 E. Third Street, Austin." (Compl. ¶¶ 4, 7.) But well before Fare Technologies filed this suit, Uber's sublease of that building expired (in November 2020), and readily available public information made clear that the building was demolished for a residential tower in 2021. Venue in this District is, therefore, improper and this case should be dismissed.

II.     **Factual Background**

    A.    **Uber Is Based In the Northern District of California.**

Uber is a Delaware Corporation with its headquarters in San Francisco, California. (Compl. ¶ 2; Ex. A, Niemants Decl. ¶ 7.) As of the date this suit was filed, Uber had (and continues to have) no offices or other facilities in the Western District of Texas. (Ex. A, Niemants Decl. ¶¶ 6, 8-9.) It did not (and does not) own, control, lease, possess, or occupy any office or other physical place for its employees to conduct Uber's business in the Western District of Texas. (*Id.*)

    B.    **Fare Technologies' Alleged Basis for Venue Was Demolished Long Ago.**

Fare Technologies filed this patent infringement suit against Uber on March 25, 2022 ("Complaint Date") alleging that Uber infringed U.S. Patent RE46,727 ("the '727 patent") because Uber allegedly "maintained, operated, and administered products and services that facilitate taxi trip metering." (Compl. ¶ 10.) The '727 patent expired in August 2018.

As of the Complaint Date, Uber did not have (and continues not to have) a regular and established place of business in this District. (Ex. A, Niemants Decl. ¶¶ 6, 8-9.) In its Complaint, Fare Technologies alleges that Uber has one regular and established place of business here: a building "at Uber Insurance Services located at 201 East Third Street in Austin, Texas" (herein, "Third Street Austin"). (Compl. ¶¶ 2, 4, 7.) Uber Insurance Services ("Uber Insurance") is a subsidiary of Uber Insurance Holdings, which, in turn, is a subsidiary of Uber Technologies, Inc. (the latter is "Uber," the defendant in this case).[1] (Ex. A, Niemants Decl. ¶ 11.) Fare Technologies makes no allegations as to why Uber Insurance is relevant to a case against Uber.

In March-April 2020, as restrictions due to COVID-19 began to take effect, in-person work at Third Street Austin ceased. (Ex. A, Niemants Decl. ¶ 13.) That same year, in November 2020, the sublease for Third Street Austin expired. (*Id.* ¶ 15.) After returning the keys, neither Uber nor Uber Insurance had any relationship with the building. (*Id.* ¶¶ 14-16.)

In fact, the building at Third Street Austin—just a short drive away from Fare Technologies' "principal place of business located in Austin" (Compl. ¶ 1)—apparently no longer even exists. As shown by the following Street View images from Google Maps,[2] the building was demolished in 2021 (Ex. A, Niemants Decl. ¶ 17):

---

[1] Fare Technologies cannot maintain venue here based on an allegation against Uber Insurance. *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021) ("[W]here related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes.").

[2] *See* https://goo.gl/maps/8iozaPEzJqmxETkx9 (Feb. 2021); https://goo.gl/maps/dZumXvAqFMJkHhnQ9 (Jan. 2022).



*Third Street Austin street view - February 2021*



*Third Street Austin street view - January 2022*

As widely reported in the press, the building at Third Street Austin is making way for a residential complex. (Ex. A, Niemants Decl. ¶¶ 18-22; Niemants Decl. Exs. 3-6.) Media coverage has detailed the transition, from the submission of developer plans for the new construction in December 2019 to the demolition of Third Street Austin in March 2021. (*Id.*)

3

**III.   Argument**

Venue is not proper in this District because Uber has no regular and established place of business here.  Thus, dismissal is warranted.

Under Section 1400(b), venue is proper only where the defendant (1) resides; or (2) both (a) "has committed acts of infringement"[3] and (b) has a "regular and established place of business."  28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (explaining that § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions").  Here, Fare Technologies does not (and cannot) show that either basis for venue exists.  *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue.").

**A.   Uber Does Not Reside In This District.**

Uber is incorporated in Delaware.  (Compl. ¶ 2; Ex. A, Niemants Decl. ¶ 7.)  Thus, it does not reside in this District.  *TC Heartland*, 137 S. Ct. at 1520; *see also, e.g.*, *KOSS Corp. v. Bose Corp.*, 2021 WL 7541417, at *3 (W.D. Tex. June 22, 2021).

**B.   Uber Does Not Have A Regular and Established Place of Business In This District.**

Uber also does not have, and did not have as of the Complaint Date, a regular and established place of business in the Western District.  The only place of business alleged by Fare Technologies was vacated and demolished well before the Complaint Date.

---

[3] Uber strongly disputes Fare Technologies' infringement allegations but does not challenge the presence of alleged acts of infringement in this District for purposes of this venue motion.  *See TMT Sys., Inc. v. Medtronic, Inc.* 2021 WL 5316411, at *2 (W.D. Tex. Oct. 19, 2021) (noting that "an allegation of infringement—even if contested—is sufficient" for venue purposes).

       1.      <u>Fare Technologies' Alleged Basis for Venue Fails.</u>

The Third Street Austin building relied upon by Fare Technologies cannot support venue here. Uber had no relationship with Third Street Austin as of the March 2022 Complaint Date: the sublease expired in November 2020 and Uber had no relationship with Third Street Austin after that. (Ex. A, Niemants Decl. ¶¶ 14-16.) Indeed, it appears the building was demolished in 2021 to make way for an apartment tower. *Supra* § II.B; *see also KOSS Corp. v. Skullcandy, Inc.*, 2021 WL 1226557, at *1 (W.D. Tex. Mar. 31, 2021) ("The Court may consider evidence in the record beyond the facts alleged in the complaint and its admissible attachments."). Because "this Court conducts venue analysis based on the facts as of the date the plaintiff files suit," and Uber's connection with Third Street Austin had ended long before then, the building has no bearing on venue here. *Correct Transmission LLC v. ADTRAN, Inc.*, 2021 WL 1967985, at *3 (W.D. Tex. May 17, 2021)*; accord GreatGigz Solutions, LLC v. ZipRecruiter, Inc.*, 2022 WL 432558, at *4 (W.D. Tex. Feb. 11, 2022); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'").

       2.      <u>Uber Has No Other Regular and Established Place of Business In This District.</u>

Nor can Fare Technologies point to any other regular and established place of business for Uber in this District. Fare Technologies would have to show (1) a physical place that (2) is a regular and established place of business and (3) is the place of the defendant (Uber). *E.g.*, *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

Uber has no such regular and established place of business here. It has no office; no leased space; no physical quarters under its control or in its possession or use for its employees to conduct business. (Ex. A, Niemants Decl. ¶¶ 6, 8-9.) Simply put, it has no "place of

5

business" (let alone a regular and established one)—that is, no "building or a part of a building set apart for any purpose or quarters of any kind from which business is conducted." *Cray*, 871 F.3d at 1362.

    **C.    The Court Should Dismiss Without Leave to Amend.**

        1.    <u>Dismissal Without Leave to Amend Is Appropriate Because Fare Technologies Cannot Cure Its Venue Defect.</u>

Because Fare Technologies' venue allegations fail, the Court may, and should, dismiss the case. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a); *see, e.g.*, *GreatGigz Solutions, LLC v. Maplebear Inc.*, 2021 WL 4691145, at *4 (W.D. Tex. Oct. 6, 2021) (granting dismissal where, "plainly, [plaintiff] fails to identify a physical place, of business, of the defendant"). Furthermore, Fare Technologies cannot cure its venue defect. Uber has no regular and established place of business in this District, period. Thus, this Court should dismiss without leave to amend. *See, e.g.*, *Germanson v. Midland Mortgage*, 2022 WL 1157903, at *2 (W.D. Tex. April 19, 2022) ("A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or if amendment would be futile.").

        2.    <u>The Interest of Justice Favors Dismissal, Not Transfer.</u>

Alternatively, and only if "it be in the interest of justice," the Court may transfer (rather than dismiss) a case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When it finds venue improper, the Court has "broad discretion" in deciding between dismissal and transfer to a proper forum. *E.g.*, *Castaneda v. Bradzoil, Inc.*, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). In general, the interest of justice favors transfer rather than dismissal. *E.g.*, *Graham v. DynCorp Int'l, Inc.*, 973 F. Supp. 2d 698, 705 (S.D. Tex. 2013). However, the preference for transfer is motivated by a concern to not "penalize" a plaintiff

where—unlike here—"by reason of the uncertainties of proper venue a mistake is made." *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-467 (1962).

Here, the far-fetched nature of Fare Technologies' venue allegation divorces transfer from the interest of justice. This is not a case where the Plaintiff was understandably mistaken in believing venue was proper. Rather, with basic diligence, Fare Technologies could and should have determined that venue was improper here. Its Complaint (¶¶ 2, 4, 7) relies solely on a building (Third Street Austin) that public information—accessible to Fare Technologies through Google Maps or a short drive from its office—shows did not exist as of the Complaint Date. (*Supra* at § II.B.) Numerous articles have even detailed the demolition of Third Street Austin in favor of a residential apartment tower. (*Id.*)

Instead of conducting reasonable pre-suit diligence, Fare Technologies filed suit in this District, forcing Uber to expend resources on this motion and requiring this Court to address yet another venue motion. It is in the interest of justice to dismiss this suit and hold Fare Technologies accountable for failing to conduct a reasonable pre-suit investigation that would have shown that it had no basis for filing suit in this District. *Cf. Phillips v. Warcomp, Inc.*, 2010 WL 11646590, at *5 (S.D. Tex. May 25, 2010) (finding venue improper and transferring in the interest of justice because, unlike here, "[t]here is no reason to believe that the plaintiffs filed in this district in bad faith").

**IV.   Conclusion**

Uber has no regular and established place of business in this District. That much should have been clear to Fare Technologies before it filed this suit. Venue is improper and the Court should dismiss without leave to amend.

Dated: June 2, 2022                                       Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
**GILLIAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Melissa@gillamsmithlaw.com

Benjamin J. Bradford (*pro hac vice*)
Lisa M. Schoedel (*pro hac vice*)
Yusuf Esat (*pro hac vice*)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, IL 60654
Telephone: 312-840-7224
Facsimile: 312-840-7324
BBradford@jenner.com
LSchoedel@jenner.com
YEsat@jenner.com

***Attorneys for Defendant Uber Technologies, Inc.***

## CERTIFICATE OF SERVICE

      I certify that, on June 2, 2022, the foregoing was filed electronically in compliance with Local Rule CV-5 and served via the Court's electronic filing system on all counsel who have appeared in this case.

                                                    /s/ *Melissa R. Smith*
                                                    Melissa R. Smith