UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FARE TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:22-cv-00317-ADA |
| | ) |
| v. | ) |
| | ) |
| UBER TECHNOLOGIES, INC. d/b/a UBER, | ) |
| | ) |
| Defendant. | ) |

**UBER'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR IMPROPER VENUE**

**TABLE OF CONTENTS**

I.  Introduction ........................................................................................................................1

II. The Court Should Dismiss Because Venue Is Improper. ....................................................1

    A.  Dismissal Is Warranted Because Uber's Showing of Lack of Venue Stands Unrebutted. ....................................................................................................................1

    B.  Even Setting Aside Uber's Unrebutted Showing, Dismissal Is Proper Because Fare Technologies' New Venue Arguments Fail. ...........................................................3

        1.  15th Street Austin Is Irrelevant Because Uber Vacated The Building Years Before the Complaint Date. ........................................................................3

        2.  Online Job Postings Are Not Places of Business. ........................................4

        3.  Existence of Remote Employees Does Not Establish Venue. ....................5

III. The Court Should Dismiss Without Leave to Amend Because Amendment Would Be Futile, As Plaintiff Concedes. ..............................................................................................6

IV. Conclusion ..........................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celgene Corp. v. Mylan Pharm. Inc.*,
   17 F.4th 1111 (Fed. Cir. 2021) ...................................................................................................5

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017)................................................................................................4, 5

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020)....................................................................................................3

*IngenioShare, LLC v. Epic Games, Inc.*,
   2022 WL 827808 (W.D. Tex. Mar. 18, 2022) .............................................................................5

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
   2022 WL 1597364 (E.D. Tex. May 19, 2022).............................................................................4

*Sealed Appellant 1 v. Sealed Appellee 1*,
   625 F. App'x 628 (5th Cir. 2015) ................................................................................................2

*Stapleton v. Canadian Nat'l Railway Co.*,
   2021 WL 6804216 (S.D. Miss. Mar. 31, 2021) ..........................................................................2

*United States v. Texas*,
   557 F. Supp. 3d 810 (W.D. Tex. 2021)........................................................................................6

I.  **Introduction**

In its Motion to Dismiss, Uber demonstrated that the sole basis for venue alleged in Fare Technologies' Complaint—Third Street Austin—is irrelevant because Uber left the building more than a year before the Complaint Date. In response, Fare Technologies jettisons its reliance on Third Street Austin and shifts its attention to another decommissioned Austin building, this time at 400 W. 15th Street ("15th Street Austin"). The location is different, but the outcome is the same: 15th Street Austin is an even more distant relic of Uber's past and cannot prop up Fare Technologies' venue claim. This Court should dismiss for lack of venue.

II.  **The Court Should Dismiss Because Venue Is Improper.**

Fare Technologies has failed to establish that venue is proper in this District. First, Fare Technologies offers no competent evidence in response to the sworn declaration that Uber provided with its Motion. Therefore, Uber's evidence establishing that it has no place of business in this District stands unrebutted and dismissal should follow. Second, even if the materials cited by Fare Technologies to support its venue claim are considered, they provide no basis for venue here. At most, they reflect remote Uber employees who choose to currently reside in this District. It remains undisputed that Uber has no place of business in the Western District of Texas and, thus, venue is improper.

    A.  **Dismissal Is Warranted Because Uber's Showing of Lack of Venue Stands Unrebutted.**

In its Motion, Uber established that it has no place of business in the Western District of Texas. (D.I. 15.) Uber submitted a sworn declaration that averred that, as of the Complaint Date and through to the present, Uber has no offices or other facilities in the Western District of Texas. (*See, e.g.*, *id.* at 1.)

This evidence stands unrebutted, despite Fare Technologies taking venue discovery and having the opportunity to file a new opposition brief in light of the discovery (*see* D.I. 22).  In response to Uber's evidence, Fare Technologies simply cites a few career websites—three third-party sites (glassdoor.com, BuiltInAustin.com, and LinkedIn.com) and Uber's Careers webpage—to argue that "Uber has a regular and established place of business" in this District. (D.I. 20, Fare Tech. Opp. at 3-4, nn. 12-13, 17-21.)  As discussed *infra* § B, none of the cited materials support Fare Technologies' claim.  But even more, as a threshold matter, Fare Technologies' bare citation to a few websites with no accompanying testimony or declaration cannot contradict Uber's sworn declaration that it had no place of business in this District as of the Complaint Date (or anytime thereafter).  *See, e.g.*, *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631-34 (5th Cir. 2015) (noting that "plaintiffs may not establish a prima facie case of personal jurisdiction through inadmissible evidence when that evidence is directly contradicted by the defendants' affidavits" and that "[t]o the extent the plaintiffs' evidence is hearsay and is 'directly contradicted by defendants' affidavits,' hearsay evidence 'will not defeat a motion for dismissal under Rule 12(b)(2)'"); *see also Stapleton v. Canadian Nat'l Railway Co.*, 2021 WL 6804216, at *6 (S.D. Miss. Mar. 31, 2021).  Fare Technologies, therefore, fails to set forth a case for venue here.

Because it is undisputed that Uber does not have a place of business in this District (let alone a regular and established one), the Court should dismiss.

### B. Even Setting Aside Uber's Unrebutted Showing, Dismissal Is Proper Because Fare Technologies' New Venue Arguments Fail.

Even if Fare Technologies' internet citations were to be considered, dismissal is warranted. Fare Technologies appears to cite the webpages to assert that venue is proper because (1) Uber has a place of business at 15th Street Austin (D.I. 20 at 3); (2) Uber advertises jobs located in Austin (*id.* at 4); and (3) Uber has remote employees in this District (*id.* at 4). Each assertion lacks merit.

#### 1. 15th Street Austin Is Irrelevant Because Uber Vacated The Building Years Before the Complaint Date.

Abandoning its prior reliance on Third Street Austin, Fare Technologies now cites 15th Street Austin to argue that venue is proper. (D.I. 20 at 3.) But, as explained in Mr. Niemants' second declaration accompanying this Reply Brief, Uber's lease of the building—a copy of which Uber produced to Fare Technologies during discovery—expired in September 2017, and Uber had no relationship with the location after that. (Ex. A, Second Niemants Declaration, at ¶¶ 11-17.) Because venue is determined as of the Complaint Date (*i.e.*, March 25, 2022) (*see* D.I. 15 at 5), 15th Street Austin cannot serve as a basis for venue here.[1]

---

[1] Fare Technologies' further assertion that Uber conducts interviews at 15th Street Austin and "job interviews are part of Uber's business" (D.I. 20 at 3-5) is incorrect. Uber left 15th Street Austin in 2017. (Ex. A, Niemants Decl. ¶¶ 15-16.) Moreover, Uber's interviews with any candidates in the Western District of Texas have all been remote since well before the Complaint Date. (Ex. B, Williams Decl. ¶ 15.) And interviews are not Uber's "business" for purposes of the venue analysis. *See In re Google LLC*, 949 F.3d 1338, 1347 (Fed. Cir. 2020).

3

### 2. Online Job Postings Are Not Places of Business.

Fare Technologies also points to two websites—BuiltInAustin.com and Uber.com—purportedly listing Uber job openings in Austin.[2] (D.I. 20 at 4.) These job postings do not support venue in this District.

*First*, Fare Technologies fails to identify an actual physical location associated with the job postings. Instead, it refers generically to the city of Austin. (D.I. 20 at 4.) But venue requires a "physical, geographical location." *E.g.*, *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). To the extent Fare Technologies suggests that the postings are for 15th Street Austin, it is wrong for the reasons discussed above (*supra* § II.B.1).

*Second*, even if Fare Technologies had identified a specific building or other physical location, a job posting identifying that location is, at most, an advertisement to work at a particular location. But "a listing of a location on a website is not the equivalent of a defendant actually having a physical location in that place." *Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, 2022 WL 1597364, at *4 (E.D. Tex. May 19, 2022) ("Simply put, 'the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location.'" (quoting *Cray*, 871 F.3d at 1364)). Thus, a job posting referring to a location does not establish venue. Instead, Fare Technologies would need to demonstrate that Uber is actually conducting business at that location—a showing that Fare Technologies does not (and cannot) undertake.

---

[2] Fare Technologies also cites a link that purportedly shows positions in San Antonio (D.I. 20 at 4 n.21), but there are no such postings at the cited link.

*Third*, the Uber job postings identifying Austin as a *potential* location all refer to remote positions. (Ex. B, Williams Decl. ¶¶ 11-12.) For remote position listings, Uber may specifically identify certain cities where large pools of eligible candidates may be located even though the position can be held elsewhere. (Ex. B, Williams Decl. ¶¶ 13-14.) Thus, Uber may list Austin as an eligible location for a job, but the job is remote and the candidate need not reside in Austin (or any other location in the Western District of Texas). (Ex. B, Williams Decl. ¶¶ 11, 14.)

Simply put, these remote job postings do not reflect a place of business in this District and Uber has no place of business here. (Ex. B, Williams Decl. ¶¶ 11-14.) Employees working in this District are remote employees. (Ex. B, Williams Decl. ¶¶ 12, 16.) And as discussed below, these employees are no basis for venue.

### 3. Existence of Remote Employees Does Not Establish Venue.

Fare Technologies asserts that "[t]here are at least 98 employees located in Austin and at least 42 employees in San Antonio," citing search results from LinkedIn.[3] (D.I. 20 at 4.) This bare assertion has no impact here—the existence of remote employees does not establish venue. *E.g.*, *Cray*, 871 F.3d at 1364-66 ("The fact that Cray allowed its employees to work from the Eastern District of Texas is insufficient."); *see also, e.g.*, *Celgene Corp. v. Mylan Pharm. Inc.*, 17 F.4th 1111, 1122-24 (Fed. Cir. 2021); *IngenioShare, LLC v. Epic Games, Inc.*, 2022 WL 827808, at *2-*4 (W.D. Tex. Mar. 18, 2022).

---

[3] Fare Technologies' numbers are inaccurate. The actual number of remote employees in this District, which Uber produced during venue discovery, are much lower. In any event, the exact numbers do not impact the outcome because Uber's remote employees are irrelevant.

5

**III.   The Court Should Dismiss Without Leave to Amend Because Amendment Would Be Futile, As Plaintiff Concedes.**

Finally, because Fare Technologies' venue claim fails, the Court should dismiss without leave to amend.  In its Motion, Uber explained why amendment to Fare Technologies' Complaint would be futile and discretionary transfer under Section 1406 would not be in the interest of justice.  (D.I. 15 at 6-7.)  Fare Technologies provided no response and, thus, waived any opposition to this piece of Uber's Motion.  *E.g.*, *United States v. Texas*, 557 F. Supp. 3d 810, 821 (W.D. Tex. 2021) (finding that defendant conceded issue by failing to respond to plaintiff's arguments in its opposition brief or at the hearing).

**IV.   Conclusion**

For the reasons set forth herein and in Uber's opening brief, the Court should dismiss this case without leave to amend.

Dated:  July 22, 2022

Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
**GILLIAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Melissa@gillamsmithlaw.com

Benjamin J. Bradford (*pro hac vice*)
Lisa M. Schoedel (*pro hac vice*)
Yusuf Esat (*pro hac vice*)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, IL 60654
Telephone: 312-840-7224
BBradford@jenner.com
LSchoedel@jenner.com
YEsat@jenner.com

***Attorneys for Defendant Uber Technologies, Inc.***

## CERTIFICATE OF SERVICE

I certify that, on July 22, 2022, the foregoing was filed electronically in compliance with Local Rule CV-5 and served via the Court's electronic filing system on all counsel who have appeared in this case.

/s/ *Melissa R. Smith*
Melissa R. Smith
