# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **FARE TECHNOLOGIES, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **W-22-CV-00317-ADA-DTG** |
| *v.* | § | |
| | § | |
| **UBER TECHNOLOGIES, INC.,** | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Uber's Motion to Dismiss for Improper Venue (ECF No. 15) and Plaintiff's Motion for Reconsideration of Magistrate's Report and Recommendation (ECF No. 45) Granting Uber's Motion to Dismiss (ECF No. 15) With Prejudice. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **GRANTS** Plaintiff's Motion for Reconsideration, **VACATES** ECF No. 45, and **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's complaint be **DISMISSED** without leave to amend.

## I.  FACTUAL BACKGROUND

Plaintiff Fare Technologies, LLC sued Defendant Lyft, Inc. for infringement of U.S. Patent No. RE46,727 entitled "Taxi Trip Meter System With Indication Of Fare And Distance Violations." Plaintiff asserts that venue is proper in the Western District of Texas because

Defendant has a regular and established place of business located at Uber Insurance Services, 201 E. Third Street, Austin, Texas 78701. ECF No. 1. Defendant filed a 12(b)(3) Motion to Dismiss Plaintiff's Complaint. ECF No. 15.

## II.  LEGAL STANDARD

The Federal Rules and statutes govern venue in patent cases. Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC  Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). It provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A claim for patent infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

The courts have detailed application of section 1400(b). Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re*

*Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017)*.* Regarding the first requirement, a "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at 1362 (citations omitted). Regarding the second requirement, "regular" means that the business must operate in a "'steady, uniform, orderly, and methodical' manner," and "sporadic activity cannot create venue." *Id*. (citations omitted). And the third requirement means that the place cannot be solely a place of the defendant's employee—"the defendant must establish or ratify the place of business." *Id.* at 1363.

When the defendant challenges venue in a patent case, the Plaintiff bears the burden of establishing proper venue. Plaintiff may carry its burden by establishing facts that, if taken to be true, establish proper venue. *See Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id.* (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (*per curiam*)). Furthermore, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco, Inc. v. Bossclib, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009); *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). Failure to satisfy any statutory requirement requires a finding of improper venue.

## III.  DISCUSSION

Plaintiff claims that Uber has a regular and established place of business in this district and has committed acts of infringement in this district. Defendant claims that it does not have a regular and established place of business in this district. The parties' positions are fully laid out in the briefs. ECF No. 15; ECF No. 20; ECF No. 23.

The Court finds that Uber does not have a regular and established place of business in this district and therefore venue is improper. Uber submitted multiple declarations that establish that the addresses Plaintiff relies on are no longer in use by Defendant and have not been since well before the present lawsuit was filed. *See* ECF No. 15-1; ECF No. 23-2. Plaintiff failed to provide competent evidence to rebut the declaration submitted by Defendant with its Motion. *See, e.g., Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631-34 (5th Cir. 2015) (noting that "plaintiffs may not establish a prima facie case of personal jurisdiction through inadmissible evidence when that evidence is directly contradicted by the defendants' affidavits" and that "[t]o the extent the plaintiffs' evidence is hearsay and is 'directly contradicted by defendants' affidavits.'"). Plaintiff relies on online job postings from third-party websites but fails to identify an actual physical location associated with the job postings. In its Response, Plaintiff also relies on a different location allegedly occupied by Defendant to support venue. This new location is different than the location alleged in Plaintiff's Complaint. In response, Uber submits a declaration to show that this location is also not a regular and established place of business of Defendant at the time this suit was filed. ECF No. 23-2. Both of the locations that Plaintiff relies on may have once been places of business of Defendant, but were not at the time this lawsuit was filed.

Plaintiff's failure to present competent evidence rebutting Defendant's Motion was not the result of lack of discovery. Rather, Plaintiff conducted venue discovery, and the Parties agreed that Plaintiff could supplement its motion with anything learned in that discovery. ECF No. 22. As noted in Defendant's Reply, Plaintiff took discovery, had the opportunity to update its opposition in light of that discovery, and failed to do so. ECF No. 23 at 5.

The Court finds that venue is improper and must decide whether to dismiss or transfer this case. Defendant's Motion argued that the interests of justice disfavored transfer, because basic diligence would have revealed that Plaintiff's venue allegations were improper. ECF No. 15 at 11. Defendant further argues that dismissal without leave to amend is appropriate because Plaintiff failed to demonstrate any possibility of gathering facts to show that venue is appropriate. *Id*. at 10. Plaintiff wholly failed to respond to this portion of Defendant's Motion.

The Court finds that granting Plaintiff leave to amend would be futile and that the interests of justice favor dismissal. As noted, Plaintiff failed respond to this portion of Defendant's Motion. The Court finds that Plaintiff's failure to respond waived any opposition to Defendant's request for dismissal without leave to amend rather than transfer. *United States v. Texas*, 557 F. Supp. 3d 810, 821 (W.D. Tex. 2021). As a result, Plaintiff's complaint should be dismissed without leave to amend.

## IV.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss be **GRANTED** and this case be **DISMISSED** without leave to amend.

## V.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 27th day of February, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE